METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK
and Others, as Trustees under the Will of HEBER R. BISHOP,
Deceased, Respondents, *v.* MARY C. BISHOP and Others,
Defendants.

ABIGAIL HANCOCK BISHOP, Appellant.

First Department, July 6, 1923.

**Wills — testamentary trusts — action for judicial settlement of accounts
of trustees and for direction as to apportionment of stock dividends —
application by divorced wife of beneficiary to be made party defendant
should be granted.**

In an action brought by trustees of a testamentary trust for the purpose of securing
a judicial settlement of their accounts and to obtain the direction of the court
as to the proper apportionment between principal and income of stock dividends
received by the trustees, an application by a divorced wife of one of the bene-
ficiaries to be made a party defendant should be granted, since it appears that
the will provided that in the case of the death of a beneficiary leaving him sur-
viving a wife " born " before the death of the testator, one-third of the income
of the share of the beneficiary should be paid to the wife; that the parties were
divorced after the death of the testator; that the wife has procured an order
sequestrating the funds of the estate to the extent of compelling the trustees
to deduct from her ex-husband's account an amount sufficient to pay permanent
alimony; that the wife has instituted proceedings at the foot of the divorce
decree for additional alimony claimed to be due on the ground of fraud and that
if she succeeds the amount recovered by her in addition to the regular alimony
will be more than sufficient to absorb the entire income of her husband's share
for a considerable period.

CLARKE, P. J., and DOWLING, J., dissent, with opinion.

APPEAL by Abigail Hancock Bishop from an order of the Supreme
Court, made at the New York Special Term and entered in the
office of the clerk of the county of New York on the 7th day of
April, 1923, denying her application to be made a party defendant.

*Spitz & Bromberger* [*Henry W. Jessup* of counsel; *Edgar Brom-
berger* with him on the brief], for the appellant.

*Carter, Ledyard & Milburn* [*Heber Smith* of counsel; *Henry Hill
Anderson* with him on the brief], for the respondents.

FINCH, J.:

This action was brought by trustees for the purpose of securing
a judicial settlement of their accounts and to obtain the direction
of the court as to the proper apportionment between principal
and income of certain stock dividends received by the trustees.
The appellant claims as a beneficiary under the will of Heber R.
Bishop, whereby he left his residuary estate to be divided in equal
parts and held in trust for each of his children during their lives,

and provided as follows: " In case of the death of any one of my sons leaving him surviving a wife born before my death, to pay one-third of the income of the said share to the said wife quarterly as long as she shall live, for her maintenance   \*   \*   \*."

At the time of the making of the will and at the time of the death of the testator, the appellant herein was married to James C. Bishop, a son of the testator and a defendant in this action. Some twenty-two years after the marriage and eleven years after the death of the testator she secured a divorce in this State upon statutory grounds. The appellant has procured an order which sequesters the funds of the estate to the extent of compelling the trustees to deduct from her ex-husband's account an amount sufficient to pay the permanent alimony awarded said appellant. It also appears from the record on appeal from an order in a proceeding between the same parties, argued at the same time, that the appellant has brought a proceeding at the foot of the divorce decree claiming several thousand dollars additional alimony upon the ground that her ex-husband deceived the court as to the facts in obtaining a reduction of the alimony awarded. This application is now pending before a referee. If the appellant succeeds in her contention, the amount recovered by her, added to the regular alimony she is now receiving, may be more than sufficient to absorb the entire income for a considerable period; and hence she is interested in the application of the stock dividend, as to principal or income. This fact in itself entitles the appellant to be brought in as an interested party. Additional reasons may, however, be cited as conferring the same right. The respondents contend that the provisions of the will of the testator applied only to the appellant in the event that she was the wife of the testator's son upon the death of said son, citing as an argument for this construction of the clause, the surrounding facts upon which the will operated, namely, that the appellant's husband was the only one married of four brothers. If the respondents are to rely on outside testimony, the appellant would have the right to cross-examine if such testimony were introduced, and controvert it if the facts permitted, to say nothing of the possibility of showing other facts which might support her contention.

The order should be reversed, with ten dollars costs and disbursements, and motion granted upon the condition that the appellant makes a motion or serves an answer within ten days after the service upon her of a copy of this order and notice of entry.

McAVOY and MARTIN, JJ., concur; CLARKE, P. J., and DOWLING, J., dissent.

First Department, July, 1923. [Vol. 206

CLARKE, P. J. (dissenting):

This action was instituted by plaintiffs, trustees under the will of Heber R. Bishop, deceased, for an accounting and to obtain directions from the court as to the applicability to income or principal of the respective trusts of certain stock dividends. The testator died December 1, 1902, leaving a long and elaborate will executed April 5, 1899, with several codicils executed in 1901 and 1902. The 8th paragraph of the will provides as follows:

" All the rest, residue and remainder of my estate I give, devise and bequeath to Alexander J. Paterson and the Metropolitan Trust Company in trust, for the uses and purposes following, namely: To divide the same into eight shares, one share for the benefit of each of my children [naming them] * * * and to hold one such share for the benefit of each of my said children for and during the terms of their respective natural lives; the net income of each share to be paid to the child for whom it is set apart, quarterly. In case of the death of any one of my sons leaving him surviving a wife born before my death, to pay one-third of the income of the said share to the said wife quarterly as long as she shall live, for her maintenance, and two-thirds of the income thereof to the guardian of my son's children should he leave any for their maintenance until they shall arrive respectively at the age of twenty-one years, when the said income shall be divided among them respectively, and in case he should leave no children the whole income of said share shall be paid to the said wife for life; and after her death, or in case any one of my said sons should not leave a wife, him surviving, to divide the said share into as many equal parts as he shall leave children him or her surviving, and the children, *per stirpes*, of any child who may have died, and to pay over the same to such issue respectively."

Abigail H. Bishop, the appellant, and James C. Bishop, one of the sons of the testator, intermarried on December 14, 1891; so that at the time of the making of the will April 5, 1899, she was the wife of James C. Bishop, and of course was the wife of a son of testator born before testator's death, but, on the 6th of December, 1913, a final decree of divorce was granted to her dissolving her marriage with James C. Bishop.

She appeals from an order denying her application that she be brought in as a party defendant in this accounting. It seems to me that the order appealed from was fully justified. The provision of the will is positive in its terms. She is not the surviving wife of one of testator's sons because the son to whom she was formerly married is still alive. If and when he shall die she will not be his surviving *wife* because the decree of divorce absolutely

dissolved the marriage and, therefore, she is no longer his wife. It seems to me impossible to hold that after such decree she could be held to come within the terms of the will. She cannot at the same time be a wife and not a wife. I am, therefore, of the opinion that she has no possible interest in the subject-matter of this action and that the order below was right and should be affirmed.

DOWLING, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, upon condition that appellant makes a motion or serves an answer within ten days after service upon her of copy of order.